IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-430-UNA |
| | ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, CompuCredit Corporation ("CompuCredit"), hereby moves for a preliminary injunction pursuant to 12 U.S.C. § 1818(c)(2) to limit or suspend the enforcement, operation or effectiveness of a temporary cease and desist order ("Order") issued on July 3, 2008 by the Federal Deposit Insurance Corporation ("FDIC") against the First Bank of Delaware (the "Bank"), as well as other parties that the FDIC has not specified, but that the FDIC may intend to include CompuCredit. (*See* D.I. 1, filed 7/11/08, Complaint ¶¶ 9-11.)

1. This case involves the unlawful imposition of the Order under the Federal Deposit Insurance Act ("Act"), 12 U.S.C. §§ 1811, 1818. The Act, 12 U.S.C. § 1818, authorizes federal banking agencies, such as the FDIC, to issue temporary cease and desist orders only in rare instances and after significant findings and allegations of matters that are "likely to cause insolvency or significant dissipation of assets or earnings of the depository institution, or is likely to weaken the condition of the depository institution or otherwise prejudice the interests of its depositors prior to the completion of the proceedings . . . ." 12 U.S.C. § 1818(c)(1).

2. Without any support, the Order seeks to prevent a standard, profitable and low-risk transaction involving the acquisition of credit card accounts ("Proposed Acquisition")

by the Bank, and the subsequent provision of services relating to those accounts by CompuCredit pursuant to an affinity agreement that CompuCredit previously entered into with the Bank ("Affinity Agreement"). The FDIC, in its Findings of Fact and Conclusions of Law accompanying its Order, does not recite evidence meeting the statutory criteria required under section 1818(c)(1).

3. To protect against the arbitrary use of the extraordinary power granted by section 1818(c)(1), Congress provided banks and certain other parties the right to seek injunctive relief. Under the standards of the Third Circuit, the party moving for preliminary injunction must demonstrate: 1) a reasonable probability of success on the merits; 2) that denial of injunctive relief will result in irreparably injury; 3) the possibility of harm to other interested persons from the grant or denial of the injunction; and 4) that granting injunctive relief would be in the public interest. *See, e.g., Instant Air Freight Co. v. D.F. Air Freight Corp.*, 882 F.2d 797, 800 (3d Cir. 1989); *Arthrex Inc. v. dj Orthopedics LLC*, No. Civ. A. 02-67 GMS, 2002 WL 818062 (D. Del. Apr. 30, 2002). No one of these four factors alone is dispositive. Nevertheless, the Court cannot issue a preliminary injunction unless the movant establishes both of the first two factors. *Id.*

**There Is A Reasonable Probability CompuCredit Will Succeed On The Merits**

4. The basis for the Order is an unsupported assertion that the Proposed Acquisition is likely "to cause insolvency or significant dissipation of the assets or earnings of the Bank, or likely to weaken the condition of the Bank or otherwise prejudice the interests of the depositors of the Bank prior to the completion of the proceedings against the Bank conducted pursuant to section 8(b) of the Federal Deposit Insurance Act." These assertions find no support in the FDIC's Findings of Fact and Conclusions of Law or in its Notice of Charges issued on

June 10, 2008. In fact, the FDIC did not even review or analyze the contractual terms of the Proposed Acquisition prior to issuing its Order.

5. Put simply, the FDIC has not articulated any agency-adopted capital standard which would support the assertions contained in the Order related to the inadequacy of the Bank's capital and has not proffered any evidence of additional economic exposure the Bank would experience as a result of the acquisition of the portfolio in question for which its existing capital would be inadequate.

6. In addition, the FDIC has not established, and cannot establish, that the Bank's or CompuCredit's activities otherwise prejudice the interests of the depositors of the Bank.

**The Order Will Cause CompuCredit Irreparable Harm**

7. If permitted to stand, the Order will cause CompuCredit irreparable harm. The Order prevents CompuCredit from consummating a lawful and favorable transaction with the Bank. Compensation for any economic losses incurred or business opportunities lost by CompuCredit resulting from the FDIC's attempted prevention of the Proposed Acquisition cannot be recovered from the FDIC should the Court ultimately rule in CompuCredit's favor.

**Denying Injunctive Relief Would Harm Interested Persons And The Public Interest**

8. The FDIC insurance fund will incur no additional risk if the Proposed Acquisition is permitted to move forward because the economic risk associated with the credit card accounts to be acquired has been transferred to parties other than the Bank, who will have no recourse to make claims against the Bank. Additional accounts receivable generated through active accounts will be purchased on a daily basis by CompuCredit under the provisions of the Affinity Agreement. CompuCredit has never failed to honor its obligation to purchase these receivables since the inception of this relationship in 2005.

9. Other interested parties, such as the Bank, also would be harmed in the event a preliminary injunction is not granted.

10. The entry of a preliminary injunction will serve the public interest because the FDIC should be required to articulate capital standards and fundamental due process of law prohibits the arbitrary and capricious imposition of regulatory sanctions.

WHEREFORE, for the reasons stated herein, on which CompuCredit will amplify and elaborate in its supporting Memorandum to be filed following targeted discovery, and for the reasons stated in the similar motion for a preliminary injunction filed in the related case, *First Bank of Delaware v. Federal Deposit Insurance Corporation*, Civ. A. 08-429, CompuCredit seeks a preliminary injunction to limit or suspend the enforcement, operation or effectiveness of the Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ William M. Lafferty*
William M. Lafferty (#2755)
Karl G. Randall (#5054)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
wlafferty@mnat.com
  *Attorneys for Plaintiff*
  *CompuCredit Corporation*

- 5 -

OF COUNSEL:

James P. Gillespie
Gary D. Anderson
Jeffrey B. Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Brian McCormally
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

July 15, 2008

2410196