# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION,<br><br>                       Plaintiff,<br><br>           v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>                       Defendant. | Civil Action No. 08-430 |

## DEFENDANT FDIC'S MOTION TO DISMISS COMPLAINT
## AND STAY PROCEEDINGS

Defendant Federal Deposit Insurance Corporation (FDIC) files this motion seeking an order dismissing plaintiff's complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of standing. The FDIC also moves to stay further proceedings pending disposition of the motion to dismiss.

The grounds in support of this motion are set forth in the accompanying memorandum. Proposed orders are also provided.

                                                          Respectfully submitted,

                                                          /s/ *Ashley Doherty*
                                                          Ashley Doherty (DC # 336073)
                                                          Thomas L. Holzman (DC # 950162)
                                                          Counsel
                                                          Federal Deposit Insurance Corporation
                                                          Legal Division, Corporate Litigation Unit
                                                          3501 N. Fairfax Drive, VSQ-D7022
                                                          Arlington, VA 22226
                                                          Telephone (703) 562-2237

OF COUNSEL:                             Facsimile (703) 562-2477
Charles Cope                             adoherty@fdic.gov
Senior Counsel                          thholzman@fdic.gov
July 23, 2008                            *Attorneys for Defendant*
                                                          *Federal Deposit Insurance Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 23, 2008, I caused copies of the foregoing Defendant FDIC's Motion to Dismiss and Stay Proceedings, together with the accompanying Defendant FDIC's Memorandum in Support of Motion to Dismiss Complaint and Stay Proceedings, and two Proposed Orders, to be served on counsel of record, as listed below, via the Court's electronic filing system.

> Karl George Randall, Esq.
> William M. Lafferty, Esq.
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DC 19899

> /s/ *Thomas L. Holzman*

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL DEPOSIT INSURANCE CORPORATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 08-430 |

## DEFENDANT FDIC'S MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS COMPLAINT AND STAY PROCEEDINGS

        Ashley Doherty (DC # 336073)
        Thomas L. Holzman (DC # 950162)
        Counsel
        Federal Deposit Insurance Corporation
        Legal Division, Corporate Litigation Unit
        3501 N. Fairfax Drive, VSQ-D7022
        Arlington, VA 22226
        Telephone (703) 562-2237
        Facsimile (703) 562-2477
        adoherty@fdic.gov
        thholzman@fdic.gov
        *Attorneys for Defendant*
        *Federal Deposit Insurance Corporation*

OF COUNSEL
Charles Cope
Senior Counsel

July 23, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

_____
                                            )
COMPUCREDIT CORPORATION,                    )
                                            )
                   Plaintiff,               )
                                            )
          v.                                )   Civil Action No. 08-430
                                            )
FEDERAL DEPOSIT INSURANCE CORPORATION,      )
                                            )
                   Defendant.               )
_____)

**DEFENDANT FDIC'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AND STAY PROCEEDINGS**

Defendant Federal Deposit Insurance Corporation (FDIC) files this memorandum in support of its motion seeking an order dismissing plaintiff's complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of standing, and in support of its motion to stay further proceedings pending disposition of the motion to dismiss.

## ARGUMENT

## COMPUCREDIT LACKS STATUTORY STANDING

On July 11, 2008, plaintiff CompuCredit Corporation (CompuCredit) instituted this action against defendant Federal Deposit Insurance Corporation (FDIC). CompuCredit is seeking to permanently enjoin a temporary cease and desist order (Temporary Order) issued by the FDIC against First Bank of Delaware (the Bank). A copy of the Temporary Order is submitted as Exhibit A to this motion.

The Bank is currently the subject of an FDIC administrative proceeding that seeks to correct numerous unsafe and unsound practices relating to credit card lending activities

1

engaged in with third parties. One such arrangement is with CompuCredit, which is also a party to that administrative proceeding. FDIC Docket Nos. 08-151c&b, 07-256b.

Despite the administrative proceeding, and notwithstanding its currently inadequate oversight of third parties, the Bank recently began taking steps to acquire, from Columbus Bank and Trust Company (CBT), a large portfolio of subprime credit card accounts that are currently managed by CompuCredit pursuant to an agreement with CBT. The FDIC issued the Temporary Order to prevent the Bank from acquiring this portfolio, or other portfolios of credit card accounts, until the Bank develops and implements acceptable plans to address its unsafe and unsound practices.

As indicated by the caption, "In the Matter of First Bank of Delaware, Wilmington, Delaware," the Temporary Order is directed only at the Bank. Specifically, the Temporary Order directs the Bank to postpone acquiring any portfolios of consumer credit cards from CBT, CompuCredit, any insured depository institution, or any other entity, until the Bank's existing management and oversight problems are resolved. The Temporary Order also precludes the Bank from evading its terms by acting through "institution-affiliated parties" like CompuCredit. Ex. A at 2. However, the Temporary Order does not direct CompuCredit, CB&T, or any other entity except the Bank, to do, or to refrain from doing, anything. Thus, CompuCredit is not a subject of the Temporary Order.

In instituting this action, CompuCredit acknowledges that it "may not be an intended subject of the order by the FDIC." Complaint, D.I. 1, at ¶ 2. Nevertheless, it filed this action "out of an abundance of caution." *Id.* Because the Temporary Order is not directed at CompuCredit, that concern was misplaced.

Section 8(c) of the FDI Act, the statute pursuant to which the FDIC issued the Temporary Order, provides that court challenges to cease and desist orders may be brought by "any institution-affiliated party" that "has been served" with such an order. 12 U.S.C. § 1818(c)(2). As CompuCredit notes, the FDIC has characterized CompuCredit, in the ongoing administrative proceeding, as an "institution-affiliated party" of the Bank. Complaint, D.I. 1, at ¶ 11. The FDIC did so because CompuCredit issued the existing subprime credit cards through the Bank pursuant to the agreement. . CompuCredit thus meets the first half of the statutory test, at least as far as the Bank's existing subprime credit card accounts are concerned.

However, CompuCredit was not "served" with the Temporary Order and it does not assert the contrary. Like CB&T, CompuCredit was merely provided with a courtesy copy. The Temporary Order does not impose any obligation by the provision of courtesy copies. To the contrary, the Temporary Order expressly provides that it becomes effective when service is made only on the Bank. Ex. A at 3; *see generally* Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347, 350-52 (1999) (mere receipt of complaint does not make even a named defendant an official party to litigation).

To maintain this action, CompuCredit must demonstrate that it has "statutory standing." Ordinarily, in determining whether a plaintiff has statutory standing, the courts "employ the usual tools of statutory interpretation. [They] look first at the text of the statute and then, if ambiguous, to other indicia of congressional intent such as the legislative history." Graden v. Conexant Systems Inc., 496 F.3d 291, 295 (3rd Cir. 2007), *cert. denied sub nom.* Conexant Systems, Inc. v. Graden, 128 S. Ct. 1473 (2008). In

interpreting the text of an ambiguous statute, the interpretation of an agency charged with implementing that statute is given "controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute." United States v. Geiser, 527 F.3d 288, 292 (3rd Cir. 2008)(brackets in original; internal citations and quotation marks omitted). Here, the statute is clear: only parties that are "served' with the Temporary Order may maintain a challenge to it. Given that CompuCredit is not a subject of the Temporary Order against the Bank, and given that CompuCredit was not "served" with a copy of the Temporary Order, CompuCredit's lack of standing is also clear.

Although it challenges the FDIC's characterization of it as an "institution-affiliated party," CompuCredit claims that it is "directly affected" by the Temporary Order. Complaint, D.I. 1, at ¶ 14. On that basis, it claims to merit "plaintiff-intervenor" status "in the parallel action filed by the Bank." *Id.* at ¶¶14, 16. Whether CompuCredit's interest is sufficient to warrant intervention in a separate proceeding is an issue for determination in that proceeding, however, and has nothing to do with CompuCredit's standing to maintain this action.

"[S]tatutory standing is an issue of subject matter jurisdiction." Graden v. Conexant Systems Inc., 496 F.3d at 294. Therefore, dismissal for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is warranted here.

In addition to filing a complaint, CompuCredit is also seeking a preliminary injunction. Motion for Preliminary Injunction, D.I. 5. In light of CompuCredit's lack of standing, and the fact that this case lacks subject matter jurisdiction, CompuCredit's motion will ultimately be moot, because there will be no "actual [and] ongoing" case or

controversy.  <u>Rendell v. Rumsfeld</u>, 484 F.3d 236, 240-41 (3rd Cir. 2007).  For the FDIC to respond to CompuCredit's motion under these circumstances would be pointless.  Therefore, pending resolution of this jurisdictional issue, CompuCredit's motion for a preliminary injunction, and all other further proceedings in this action, should be stayed.

## CONCLUSION

For the reasons stated above, CompuCredit's complaint should be dismissed, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of standing, and further proceedings in this action should be stayed pending that determination.

Respectfully submitted,

/s/ <u>Ashley Doherty</u>
Ashley Doherty (DC # 336073)
Thomas L. Holzman (DC # 950162)
Counsel
Federal Deposit Insurance Corporation
Legal Division, Corporate Litigation Unit
3501 N. Fairfax Drive, VSQ-D7022
Arlington, VA 22226
Telephone (703) 562-2237
Facsimile (703) 562-2477
adoherty@fdic.gov
thholzman@fdic.gov

OF COUNSEL
Charles Cope
Senior Counsel

*Attorneys for Defendant*
*Federal Deposit Insurance Corporation*

July 23, 2008

# EXHIBIT A – FDIC MOTION TO DISMISS

FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D.C.

| | |
|---|---|
| In the Matter of )<br>)<br>FIRST BANK OF DELAWARE )<br>WILMINGTON, DELAWARE )<br>)<br>)<br>(Insured State Nonmember Bank) )<br>_____) | TEMPORARY ORDER TO<br>CEASE AND DESIST<br><br>FDIC-08-151c&b<br>FDIC-07-256b |

The Federal Deposit Insurance Corporation (FDIC) has determined that the unsafe or unsound banking practices involving subprime lending that the First Bank of Delaware, Wilmington, Delaware (Bank), is alleged to have engaged in or that the FDIC has reason to believe the Bank is about to engage in, as specified in the NOTICE OF CHARGES FOR AN ORDER TO CEASE AND DESIST AND FOR RESTITUTION; ORDER TO PAY; AND NOTICE OF HEARING (collectively, NOTICE), issued on June 10, 2008, attached hereto and incorporated herein by reference, and/or the continuation thereof by the Bank, are likely to cause insolvency or significant dissipation of the assets or earnings of the Bank, or are likely to weaken the condition of the Bank or otherwise prejudice the interests of the depositors of the Bank prior to the completion of the proceedings against the Bank conducted pursuant to section 8(b) of the Federal Deposit Insurance Act (Act), 12 U.S.C. § 1818(b).

In particular, the FDIC has determined that the Bank's imminent intention to acquire one or more portfolios of credit card accounts, given the unsafe and unsound practices evidenced in its subprime lending, including ineffective oversight of third-party vendors, is likely to weaken the condition of the Bank.

Therefore, the FDIC hereby issues this TEMPORARY ORDER TO CEASE AND DESIST (TEMPORARY ORDER) and hereby gives notice pursuant to section 8(c)(1) of the Act, 12 U.S.C. §1818(c)(1), that the Bank and its institution-affiliated parties, successors and assigns, be and hereby are ORDERED to cease and desist from and take affirmative action as follows:

1.  The Bank shall not acquire any portfolios of consumer credit card accounts from Columbus Bank and Trust Company, Columbus, Georgia; CompuCredit Corporation, Atlanta, Georgia, or any other insured depository institution or other entity until such time as:

   (a) the Bank submits to the Regional Director of the FDIC's New York Regional Office (Regional Director) for non-objection, an operating and capital plan that:

   (i) assesses all risks associated with the credit card accounts to be acquired;

   (ii) addresses the unsafe or unsound banking practices involving subprime lending that the Bank is alleged to have engaged in as specified in the Notice, including but not limited to, ineffective oversight by the Bank's board of directors and the lack of adequate supervision by the Bank's senior management, inadequate Bank policies and procedures, inadequate internal controls and audit system, inadequate and inappropriately trained number of staff, inadequate management information system, and an inadequate compliance management system, as more fully set forth in paragraphs 114 – 122 of the NOTICE;

   (iii) mitigates all risks identified by the plan, including but not limited to, funding risk, by identifying satisfactory sources of additional capital to meet

the Bank's current and future needs resulting from the subprime credit card accounts to be acquired, and the sources of said capital, including a contingency plan that identifies alternative sources should the primary sources of capital be unavailable;

(iv) complies with the *Interagency Expanded Guidance for Subprime Lending Programs*, FIL-9-2001 (January 31, 2001); and

(b) the Regional Director has provided the Bank with written notice of her non-objection to such plan.

This TEMPORARY ORDER shall be effective immediately upon service on the Bank and shall remain in full force and effect, pending the completion of the administrative proceedings instituted pursuant to the foregoing NOTICE.

Pursuant to delegated authority.

Dated this 3rd day of July 2008.

Christopher J. Spoth
Senior Deputy Director
Division of Supervision and Consumer Protection

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

_____

COMPUCREDIT CORPORATION,                )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )    Civil Action No. 08-430
                                        )
FEDERAL DEPOSIT INSURANCE CORPORATION,  )
                                        )
                    Defendant.          )
_____)

**[PROPOSED] ORDER**

Defendant Federal Deposit Insurance Corporation (FDIC) has filed a motion seeking an order dismissing the complaint of plaintiff CompuCredit Corporation (CompuCredit), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of standing. FDIC has also filed a motion to stay further proceedings pending disposition of the motion to dismiss.

After consideration of the memoranda and other materials submitted by the parties, and good cause appearing therefore, it is hereby ORDERED:

All further proceedings in this action, including CompuCredit's pending motion for a preliminary injunction, are hereby stayed until further notice, pending disposition of the FDIC's motion to dismiss.

This _____ day of July, 2008.

_____

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

_____
                                                )
COMPUCREDIT CORPORATION,                        )
                                                )
                      Plaintiff,   )
                                                )
        v.                                    )    Civil Action No. 08-430
                                                )
FEDERAL DEPOSIT INSURANCE CORPORATION,          )
                                                )
                      Defendant.   )
_____)

### [PROPOSED] ORDER

Defendant Federal Deposit Insurance Corporation (FDIC) has filed a motion seeking an order dismissing the complaint of plaintiff CompuCredit Corporation (CompuCredit), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of standing. CompuCredit [has not] [has] opposed this motion.

After consideration of the memoranda and other materials submitted by the parties, and good cause appearing therefore, it is hereby ORDERED:

The complaint of CompuCredit in this action is hereby is dismissed for lack of standing.

This _____ day of July, 2008.

                                                                     _____