IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMPUCREDIT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-430-GMS |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF COMPUCREDIT CORPORATION'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT FDIC'S MOTION TO DISMISS
COMPLAINT AND STAY PROCEEDINGS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William M. Lafferty (#2755)
Karl G. Randall (#5054)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
krandall@mnat.com
   *Attorneys for Plaintiff*
   *CompuCredit Corporation*

OF COUNSEL:

James P. Gillespie
Gary D. Anderson
Jeffrey B. Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Brian McCormally
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

August 11, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

BACKGROUND ........................................................................................2

ARGUMENT ...........................................................................................2

    I.    THE FDIC'S MOTION TO DISMISS SHOULD BE DENIED............................3

    II.   THERE SHOULD NOT BE A STAY OF PROCEEDINGS
        DURING THE PENDENCY OF THE FDIC'S MOTION TO
        DISMISS..........................................................................................6

CONCLUSION.........................................................................................8

# TABLE OF AUTHORITIES

Page(s)

CASES

Chevron U.S.A., Inc. v. NRDC,
   467 U.S. 837 (1984)...............................................................................................5

Coca-Cola Bottling Co. of Lehigh Valley v. Grol,
   C.A. No. 92-7061, 1993 WL 13139559 (E.D. Pa. Mar. 9, 1993)............................6

First Bank of Delaware v. FDIC,
   C.A. No. 08-429-GMS..........................................................................................2-3

Fox Television Stations, Inc. v. FCC,
   280 F.3d 1027 (D.C. Cir. 2002)..............................................................................5

Graden v. Conexant Sys. Inc.,
   496 F.3d 291 (3d Cir. 2007), cert. denied, 128 S. Ct. 1473 (2008).........................5

Grant Thornton, LLP v. OCC,
   514 F.3d 1328 (D.C. Cir. 2008)..............................................................................5

Marshall v. Lansing,
   839 F.2d 933 (3d Cir. 1988)....................................................................................5

Our Children's Earth Found. v. EPA,
   527 F.3d 842 (9th Cir. 2008) ..................................................................................5

Standard Inv. Chartered, Inc. v. NASD,
   No. 07 Civ. 22014, 2007 WL 1121734 (S.D.N.Y. Apr. 11, 2007)...........................7

Wachtel v. OTS,
   982 F.2d 581 (D.C. Cir. 1993).................................................................................6

Wheelabrator Frackville Energy Co., Inc. v. Morea Culm Serv., Inc.,
   C.A. No. 90-2962, 1990 WL 83340 (E.D. Pa. June 12, 1990) .................................7

STATUTES

12 U.S.C. § 1818...............................................................................................2, 5-6

15 U.S.C. § 78u-4(b)(3)(B).....................................................................................6

OTHER AUTHORITIES

12 C.F.R. § 308.131(a)(3)......................................................................................3-4

The FDIC moves to dismiss this action, arguing that Plaintiff CompuCredit does not meet the statutory requirements for standing. The FDIC now asserts that CompuCredit does not have standing because the FDIC did not properly serve its July 3, 2008 Temporary Cease and Desist Order ("Order") on CompuCredit and the FDIC did not intend for the Order to apply to CompuCredit. According to the FDIC, although its Order applies to "institution affiliated parties" of First Bank of Delaware (the "Bank"), and it has previously attempted to assert (over CompuCredit's objection) that CompuCredit is an "institution-affiliated party" of the Bank, the Order at issue in this case simply does not apply to CompuCredit. By arguing now that the Order does not apply to CompuCredit, the FDIC's motion implicitly acknowledges that CompuCredit is not an "institution-affiliated party" of the Bank.

In practical terms, the FDIC is trying to have it "both ways" by stating that CompuCredit fails to satisfy the standing requirements. On one hand, the Agency contends it did not serve CompuCredit and the Order is not intended to apply to CompuCredit, even as an alleged "institution-affiliated party." However, on the other hand, the FDIC suggests that it has alleged that CompuCredit is an "institution-affiliated party" in the ongoing administrative action. D.I. 8, FDIC's Motion to Dismiss at 3. To be clear, CompuCredit is *not* an "institution-affiliated party" of the Bank. And further, if the FDIC now agrees and will clearly stipulate that CompuCredit is not an "institution-affiliated party" of the Bank, then such a stipulation could provide the basis for a joint agreement to dismiss this action. However, if the FDIC erroneously continues to allege that CompuCredit is an "institution-affiliated party," or continues to be ambiguous as to that point, then the FDIC's motion to dismiss for lack of standing should be denied, regardless of whether or not the FDIC formally or informally served CompuCredit.

## BACKGROUND

The Bank and CompuCredit are parties to a proposed transaction involving the acquisition of a portfolio of credit card accounts by the Bank from Columbus Bank and Trust Company, whereby CompuCredit will provide services concerning those accounts pursuant to an affinity agreement with the Bank. *See* D.I. 8, FDIC's Motion to Dismiss at 2; *First Bank of Delaware v. FDIC*, C.A. No. 08-429-GMS, D.I. 1, Compl. at ¶¶ 42-53.

On July 3, 2008, the FDIC issued the temporary cease-and-desist order that is the subject of the Complaint. D.I. 1, Compl. ¶ 9. The FDIC emailed the Order to CompuCredit's counsel on July 3, 2008. The first page and caption of the Order suggests that it is directed only at the Bank. D.I. 8-2, FDIC's Motion to Dismiss, Ex. A at 1. But a later operative paragraph of the Order provides:

> Therefore, the FDIC hereby issues this TEMPORARY ORDER TO CEASE AND DESIST (TEMPORARY ORDER) and hereby gives notice pursuant to section 8(c)(1) of the Act, 12 U.S.C. § 1818(c)(1), that the Bank *and its institution-affiliated parties*, successors and assigns, be and hereby are ORDERED to cease and desist from and take affirmative action . . . .

*Id.* at 2 (emphasis added). The Order also specifically enjoins the proposed transaction involving CompuCredit and the Bank. D.I. 8-2, FDIC's Motion to Dismiss, Ex. A at 2, ¶ 1; D.I. 8, FDIC's Motion to Dismiss at 2. Based on the vagueness of the Order and in order to protect its rights, CompuCredit initiated this action. Unfortunately, this ambiguity continues in the FDIC's Motion to Dismiss.

## ARGUMENT

To the extent the FDIC continues to allege erroneously that CompuCredit is an "institution-affiliated party," even though CompuCredit vigorously disputes this characterization, then, as explained below, the FDIC's Motion to Dismiss for lack of standing should be denied.

- 2 -

## I.     THE FDIC'S MOTION TO DISMISS SHOULD BE DENIED

The FDIC issued a temporary cease-and-desist order pursuant to 12 U.S.C.

§ 1818(c)(1).  Parties subject to such an order may seek relief under Section 1818(c)(2):

> Within ten days after the depository institution concerned or any
> institution-affiliated party has been served with a temporary cease-
> and-desist order, the depository institution or such party may apply
> to the United States district court for the judicial district in which
> the home office of the depository institution is located, or the
> United States District Court for the District of Columbia, for an
> injunction setting aside, limiting, or suspending the enforcement,
> operation, or effectiveness of such order pending the completion of
> the administrative proceedings pursuant to the notice of charges
> served upon the depository institution or such party under
> paragraph (1) of subsection (b) of this section, and such court shall
> have jurisdiction to issue such injunction.

Because the Bank is a Delaware-chartered insured depository institution based in

Wilmington, Delaware, Section 1818(c)(2) provides that this Court "shall have jurisdiction to

issue" "an injunction setting aside, limiting, or suspending the enforcement, operation, or

effectiveness of" the temporary cease-and-desist Order.  The FDIC has not moved to dismiss the

Bank's lawsuit against the FDIC.

Moreover, to the extent the FDIC continues to allege erroneously that

CompuCredit is an "institution-affiliated party" of the Bank, then CompuCredit has standing to

challenge the Order even though CompuCredit vigorously disputes this characterization.  As

explained below, the FDIC's argument that its own failure to formally serve CompuCredit --

although the FDIC did send the Order to CompuCredit by email -- divests CompuCredit of

standing to challenge the Order is a frivolous and nonsensical argument.

*First,* the FDIC's own regulations require service on CompuCredit if the FDIC is

alleging that CompuCredit is an "institution-affiliated party" affected by the Order.  *See*

12 C.F.R. § 308.131(a)(3).  On July 3, 2008, the FDIC sent the Order, via email, to the Bank's

President and Chief Operating Officer, the Bank's attorneys, and the attorneys who had appeared on behalf of CompuCredit in the administrative proceedings. The FDIC now contends that the Order does not apply to CompuCredit, and further asserts that it did not serve CompuCredit with the Order. Nevertheless, the Order's terms cover the Bank's "institution-affiliated parties" and the FDIC seems also to erroneously suggest that CompuCredit is an "institution-affiliated party" of the Bank. D.I. 8-2, FDIC's Motion to Dismiss, Ex. A at 2; D.I. 8, FDIC's Motion to Dismiss at 2. So, the FDIC is now arguing that despite these vague and contradictory assertions, it can deprive CompuCredit of the ability to challenge and/or clarify the Order and its possible intended application to CompuCredit by the FDIC by simply choosing not to serve CompuCredit. This cannot be the case.

*Second*, in any event, the Order impacts CompuCredit because it directly prohibits it from engaging in a proposed beneficial transaction with the Bank, regardless of how the FDIC seeks to characterize CompuCredit. *See* D.I. 8-2, FDIC's Motion to Dismiss, Ex. A at 2, ¶ 1 ("The Bank shall not acquire any portfolios of consumer credit card accounts from Columbus Bank and Trust Company, Columbus, Georgia; CompuCredit Corporation, Atlanta, Georgia, or any other insured depository institution or other entity . . ."). As the FDIC states, the Order is intended to enjoin the proposed transaction. *See* D.I. 8, FDIC's Motion to Dismiss at 2. Even though the FDIC now states that the Order "is not directed at CompuCredit," *id.*, it does impact CompuCredit with regard to this transaction. Therefore, the FDIC cannot argue that CompuCredit lacks standing simply because it contends it did not properly serve CompuCredit.

*Third,* the FDIC does not contend that CompuCredit lacks constitutional or prudential standing. Nor could it. CompuCredit has suffered a concrete injury traceable to the FDIC capable of being redressed by a favorable decision on the merits, and there is no special

prudential concern at issue. *See, e.g., Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir.

2007), *cert. denied*, 128 S. Ct. 1473 (2008). Moreover, the statute should be read so as to

comport with constitutional due process. An agency should not be permitted to deprive parties

who an agency directly affects by its action of proper service of process so as to foreclose the

possibility that such parties can seek judicial review of the agency action. *See Marshall v.*

*Lansing*, 839 F.2d 933, 943 (3d Cir. 1988) ("[P]rinciples of due process require an agency to

follow its own regulations, which have the force of law.").

   *Fourth*, the FDIC flatly misstates the law when it seems to suggest its

interpretation of standing under 12 U.S.C. § 1818(c)(2) should be given "controlling weight

unless it is arbitrary, capricious, or manifestly contrary to the statute." D.I. 8, FDIC's Motion to

Dismiss at 4 (quoting *United States v. Geiser*, 527 F.3d 288, 292 (3d Cir. 2008) (discussing

deference under *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984))). Courts do not defer to an

agency's position when determining the jurisdiction of the federal courts. *See Our Children's*

*Earth Found. v. EPA*, 527 F.3d 842, 846 n.3 (9th Cir. 2008) ("The Agency's position on [the

district court's] jurisdiction is not entitled to deference under *Chevron* . . . "); *Fox Television*

*Stations, Inc. v. FCC*, 280 F.3d 1027, 1038-39 (D.C. Cir. 2002) ("Nor is an agency's

interpretation of a statutory provision defining the jurisdiction of the court entitled to our

deference under *Chevron*.") (citing *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 650 (1990)). Even

if the FDIC had not misstated the law in this regard, the Court also owes no deference here for

the separate reason that multiple agencies administer the provisions set forth in 12 U.S.C. § 1818

and no one agency's interpretation is entitled to deference. *See, e.g., Grant Thornton, LLP v.*

*OCC*, 514 F.3d 1328, 1331 (D.C. Cir. 2008) ("We review the OCC's interpretation of FIRREA

and related statutory provisions *de novo* because multiple agencies besides the Comptroller

administer the act, including the Board of Governors of the Federal Reserve Board, the Federal

Deposit Insurance Corporation, and the Office of Thrift Supervision in the Treasury

Department."); *Wachtel v. OTS*, 982 F.2d 581, 585 (D.C. Cir. 1993) (finding OTS is not entitled

to deference to its construction of 12 U.S.C. § 1818 because it shares responsibility for

administration of statute with three other agencies).

   *Finally*, the FDIC's position is fundamentally unfair and unreasonable.

CompuCredit was given contemporaneous notice of the Order and filed suit eight days later. The

notion that the FDIC can somehow shut the courthouse door on CompuCredit by ministerially

withholding effective service is wholly inequitable.

## II. THERE SHOULD NOT BE A STAY OF PROCEEDINGS DURING THE PENDENCY OF THE FDIC'S MOTION TO DISMISS.

   The FDIC has proffered no authority in support of its request for a stay of

proceedings during the pendency of its motion to dismiss, nor is there a compelling reason for

such a stay. When Congress wants such a stay it so provides -- as it did under the federal

securities laws, *see*, 15 U.S.C. § 78u-4(b)(3)(B). But Congress provided for no such stay under

12 U.S.C. § 1818(c).

   Declining to stay proceedings in this action will not prejudice the FDIC. Not only

is CompuCredit seeking a preliminary injunction with respect to the Order, but also the Bank has

moved to enjoin the Order in its related case. As a result of the Bank's motion, the FDIC will be

subject to the same discovery and will be required to defend against a challenge to the Order

regardless of whether CompuCredit is able to prosecute a separate action against the FDIC. A

stay is not warranted when proceedings will continue against the FDIC whatever the outcome of

the motion to dismiss. *Cf. Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, C.A. No. 92-7061,

1993 WL 13139559, at *3 (E.D. Pa. Mar. 9, 1993) (denying motion for stay during pendency of motion to dismiss where action would continue against other defendants, even if motion to dismiss were successful); *see also Wheelabrator Frackville Energy Co., Inc. v. Morea Culm Serv., Inc.*, C.A. No. 90-2962, 1990 WL 83340, at *3 (E.D. Pa. June 12, 1990) (denying motion to stay proceedings pending disposition of a motion to dismiss complaint for injunctive relief based on lack of subject matter jurisdiction and holding hearing on the motion to dismiss immediately prior to the commencement of the preliminary injunction hearing).  CompuCredit believes this action and the Bank's should proceed on the same track, and it has filed concurrently with this Opposition a Motion to Consolidate the related cases.

Moreover, in any event, as stated in its Complaint, CompuCredit is prepared to move to intervene in the pending action between the Bank and the FDIC.  In short, nothing is gained by staying this action while parallel proceedings will continue.  If courts were to stay preliminary injunction proceedings every time a party filed a motion to dismiss, there would be little chance for the party seeking the injunction to obtain expedited relief.  *See, e.g., Standard Inv. Chartered, Inc. v. NASD*, No. 07 Civ. 22014, 2007 WL 1121734, at *3 (S.D.N.Y. Apr. 11, 2007) (affirming a magistrate's denial of a stay pending the determination of a motion to dismiss complaint seeking injunctive relief); *see also id.* at *4 ("The plaintiff has requested expedited discovery in aid of its motion for a preliminary injunction.  If discovery is stayed until the defendants' motion to dismiss on exhaustion grounds has been resolved, the plaintiff may be effectively denied access to the remedy of injunctive relief, even though it may prevail on the motion to dismiss.").

## CONCLUSION

For the reasons stated above, the FDIC's motion to dismiss and for a stay of proceedings should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

William M. Lafferty (#2755)
Karl G. Randall (#5054)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
krandall@mnat.com
   *Attorneys for Plaintiff*
   *CompuCredit Corporation*

OF COUNSEL:

James P. Gillespie
Gary D. Anderson
Jeffrey B. Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 879-5000

Brian McCormally
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206

August 11, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notice of the filing to the following:

> Ashley Doherty, Esquire
> Thomas L. Holzman, Esquire
> Daniel H. Kurtenbach, Esquire
> FEDERAL DEPOSIT INSURANCE CORPORATION

I also certify that copies were caused to be served on August 11, 2008, upon the following in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Edmond D. Johnson, Esquire
Matthew A. Kaplan, Esquire
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, Delaware 19899-1709

**BY E-MAIL**

Gary D. Anderson, Esquire
Sosun Bae, Esquire
Pat Cipollone, Esquire
Jeffrey Bossert Clark, Esquire
James P. Gillespie, Esquire
Oreste P. McClung, Esquire
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793

Brian C. McCormally, Esquire
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

Jeremiah S. Buckley
Matthew P. Previn
Robert B. Serino
Larry J. Stein
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, DC 20037

Karl George Randall (#5054)