IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL DEPOSIT INSURANCE )<br>CORPORATION, )<br>)<br>Defendant. ) | C.A. No. 08-430-GMS |

**PLAINTIFF COMPUCREDIT CORPORATION'S
MOTION TO CONSOLIDATE**

CompuCredit Corporation ("CompuCredit") hereby moves, pursuant to Federal Rule of Civil Procedure 42(a), to consolidate the instant case with a substantively identical action, *First Bank of Delaware v. Federal Deposit Insurance Corporation*, C.A. No. 08-429-GMS, which is also pending before this Court. These two pending cases present common issues of both fact and law, and it is our understanding that the First Bank of Delaware ("Bank") will also file a motion to consolidate these actions. Accordingly, this Court should exercise its broad discretion to consolidate these two virtually indistinguishable actions and therefore conserve its scant judicial resources.

**FACTUAL BACKGROUND**

The subject matter giving rise to both of these actions that are filed with this Court -- *i.e.*, a financial transaction -- is ***exactly the same*** in both cases. Both CompuCredit and the Bank are parties to the proposed financial transaction which the FDIC seeks to prevent. The transaction involves the acquisition of a portfolio of credit card accounts by the Bank from Columbus Bank and Trust Company, whereby CompuCredit will provide services concerning those accounts pursuant to an affinity agreement with the Bank.

On June 10, 2008, the FDIC commenced administrative cease-and-desist proceedings against both CompuCredit and the Bank by issuing and serving on both parties a notice of charges. CompuCredit has filed an answer contesting the notice of charges, and the administrative proceedings are ongoing. On July 3, 2008, the FDIC issued an unlawful temporary cease-and-desist order ("Order") that is the subject of CompuCredit's complaint. The operative paragraph of the Order provides as follows:

> [T]he FDIC hereby issues this TEMPORARY ORDER TO CEASE AND DESIST (TEMPORARY ORDER) and hereby gives notice pursuant to section 8(c)(1) of the Act, 12 U.S.C. § 1818(c)(1), that the Bank *and its institution-affiliated parties*, successors and assigns, be and hereby are ORDERED to cease and desist from and take affirmative action . . .

(D.I. 8-2, FDIC's Mot. To Dismiss Or Stay, Ex. A at 1, filed 7/23/08 (emphasis added).)

The FDIC has alleged in the administrative proceedings that CompuCredit is an "institution-affiliated party" of the Bank.[1] In addition, the FDIC states that the "Temporary Order also precludes the Bank from evading its terms by acting through 'institution-affiliated parties' like CompuCredit." (D.I. 8, Mot. To Dismiss Or Stay at 2.) The Order clearly enjoins the completion of the transaction discussed above and therefore directly affects the interests of the Bank and CompuCredit.

Pursuant to 12 U.S.C. § 1818(c)(2), the Bank filed a complaint with this Court for permanent injunctive relief against the Order on July 11, 2008, as well as a motion to preliminarily enjoin the Order on July 14, 2008. (*First Bank of Delaware v. FDIC*, C.A. No. 08-429-GMS, D.I. 1 (Compl.), 4 (Mot. for Prelim. Injunction).) Because the Order also applies to

---

[1] CompuCredit certainly denies that it is an institution-affiliated party of the Bank, but must challenge the FDIC's unlawful order under 12 U.S.C. § 1818(c)(2), which gives entities the FDIC labels as "institution-affiliated parties" standing to enjoin the Order.

CompuCredit and denies its participation in a proposed beneficial transaction with the Bank, and because the FDIC failed to meet the statutory criteria required by 12 U.S.C. § 1818(c)(1), CompuCredit filed a complaint in this Court seeking injunctive relief from the Order pursuant to 12 U.S.C. § 1818(c)(2), which permits an (alleged) institution-affiliated party to seek injunctive relief from this Court. (D.I. 1, Compl., filed 7/11/08.) Both of these actions currently pending before the Court arise from the same set of facts and will involve the same applicable law.

## ARGUMENT

Consolidation is appropriate when there are actions involving common questions of law or fact. Fed. R. Civ. P. 42(a); *see also Allen v. Stewart Title Guar.*, 246 F.R.D. 218, 220-21 (E.D. Pa. 2007). A district court has broad discretion over whether to consolidate matters. *See Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969) ("the trial judge, under Rule 42(a), is given the broad authority to 'make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay'"); *see also Ford v. Christiana Care Health Sys.*, No. Civ. A. 06-301-MPT, 2008 WL 1985229, at *1 (D. Del. May 5, 2008). The Rule 42(a) standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 MOORE'S FED. PRACTICE § 42.10[1][a] (3d ed. 1998); *see also Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 06-514-GMS, 2007 WL 2892707, at *3 (D. Del. Sept. 30, 2007) (Sleet, J.) (the court has "broad power . . . to consolidate cases for trial as may facilitate the administration of justice.") (quoting *EllermanLines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)). This is so even when one or more of the parties objects. *Conn. Gen. Life Ins. Co. v. Sun Life Ins. Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000).

Although common issues of law or fact are a prerequisite to consolidation, the "Court must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate

actions." *Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981). This Court, similar to other courts in the Third Circuit, routinely grants motions to consolidate where there is an overlap of issues between the separate cases, and where consolidation will result in a more economical and efficient adjudication of the disputes. *See, e.g., Abbott Diabetes Care, Inc.*, 2007 WL 2892707; *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759 (D. Del. 1991); *Cella v. Togum Constructor Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999).

Here, both of the complaints in the related actions seek injunctive relief from the unlawful Order ***concerning the same transaction***. Both cases involve the same defendant, the FDIC, whose unlawful conduct in issuing the Order without satisfying the criteria of 12 U.S.C. § 1818(c)(1) gave rise to suits by both Plaintiffs, and the same lead counsel for defendant. The Plaintiffs in each related case, CompuCredit and the Bank, are both parties to the same proposed transaction which the FDIC is trying to prevent, and both seek to achieve the same objective: to enjoin the FDIC's Order. As such, the factual circumstances relevant to the two cases are virtually identical. Additionally, the issues of law in both cases are similar, if not identical. Both complaints allege that the FDIC has not established, and cannot establish, the facts necessary to meet the statutory criteria for issuance of the Order. Whether the FDIC has satisfied the statutory requirements of 12 U.S.C. § 1818(c)(1) will not change depending on which of the two cases is before the Court. And in both preliminary injunction motions, Plaintiffs must prove that they satisfy Third Circuit preliminary injunction standards.

Given the substantial overlap of factual and legal issues between the two cases, consolidation will result in a significant saving of judicial time and effort. Both cases arise out of the same proposed transaction and are against the same defendant, so it is overwhelmingly

likely that common discovery issues will predominate. Discovery efforts will focus on the same witnesses and the same documents. Any discovery requests, discovery disputes, or discovery motions will likely be nearly identical. And because the two cases are at the same stage of litigation, both Plaintiffs having filed their complaints and preliminary injunction motions at virtually the same time, consolidation will help keep the litigations moving forward jointly on a consistent, organized, and more efficient basis, without wasting judicial resources through duplicative discovery.

Moreover, there exists no risk of prejudice to any party from consolidation of the actions. The parties will not experience any inconvenience; in fact, it will be ***more*** convenient to follow a parallel track and easier to keep abreast of the other action. Likewise, the possibility of delay is unlikely because Plaintiffs filed their actions within 24 hours of each other and the Court has not yet ruled on any motions to dismiss[2], and it is unimaginable that the consolidation of the two related actions will lead to undue expense for the parties. Conversely, there will be a great burden on all the parties and the witnesses if these cases were to proceed separately.

Because the related actions involve similar legal and factual questions with similar discovery needs, they will proceed to resolution faster if they are consolidated and will also conserve judicial resources in a district that is already shorthanded. (*See* Sean O'Sullivan, *Phila. to aid Del. federal court*, Delaware Online, July 30, 2008, http://www.delawareonline.com/apps/pbcs.dll/article?AID=/200807300345/NEWS01/80730034

---

[2]  On July 23, 2008, the FDIC filed a Motion to Dismiss or Stay CompuCredit's complaint on the ground that CompuCredit lacks standing to challenge the agency's cease and desist order. As explained in CompuCredit's Memorandum in Opposition, which is being filed contemporaneously with this Motion, the FDIC's motion should be denied. Accordingly, the FDIC's Motion to Dismiss or Stay does not justify denying CompuCredit's Motion to Consolidate with the virtually identical First Bank of Delaware action.

4/1006/NEWS.) Proceeding separately would result in substantial duplication of discovery and motions practice. As such, consolidation of these cases would promote judicial economy and satisfy the requirements of Federal Rule 42(a).

## CONCLUSION

For the foregoing reasons, CompuCredit respectfully requests that this Court consolidate the instant case with the action styled *First Bank of Delaware v. Federal Deposit Insurance Corporation*, C.A. No. 08-429-GMS.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William M. Lafferty (#2755)
Karl G. Randall (#5054)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
krandall@mnat.com
  *Attorneys for Plaintiff*
  *CompuCredit Corporation*

OF COUNSEL:

James P. Gillespie
Gary D. Anderson
Jeffrey B. Clark
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Brian McCormally
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5141

August 11, 2008
2437263

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notice of the filing to the following:

>Ashley Doherty, Esquire
>Thomas L. Holzman, Esquire
>Daniel H. Kurtenbach, Esquire
>FEDERAL DEPOSIT INSURANCE CORPORATION

I also certify that copies were caused to be served on August 11, 2008, upon the following in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Edmond D. Johnson, Esquire
Matthew A. Kaplan, Esquire
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, Delaware 19899-1709

**BY E-MAIL**

Gary D. Anderson, Esquire
Sosun Bae, Esquire
Pat Cipollone, Esquire
Jeffrey Bossert Clark, Esquire
James P. Gillespie, Esquire
Oreste P. McClung, Esquire
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793

Brian C. McCormally, Esquire
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

Jeremiah S. Buckley
Matthew P. Previn
Robert B. Serino
Larry J. Stein
BUCKLEY KOLAR LLP
1250 24th Street, N.W., Suite 700
Washington, DC 20037

Karl George Randall (#5054)

## RULE 7.1.1 CERTIFICATION

Counsel for CompuCredit Corporation hereby certifies that it has discussed the subject of the foregoing motion with counsel for defendant Federal Deposit Insurance Corporation ("FDIC"), and that the FDIC will not agree to a consolidation of *CompuCredit Corp. v. FDIC*, C.A. No. 08-430-GMS with *First Bank of Delaware v. FDIC*, C.A. No. 08-429-GMS.

_____
Karl G. Randall (#5054)

Dated: August 11, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>FEDERAL DEPOSIT INSURANCE )<br>CORPORATION, )<br>)<br>)<br>Defendant. ) | C.A. No. 08-430-GMS |

### ORDER

IT IS HEREBY ORDERED this ____ day of _____, 2008, that Plaintiff CompuCredit Corporation's motion to consolidate the above-captioned matter with *First Bank of Delaware v. FDIC*, C.A. No. 08-429-GMS is GRANTED.

_____
The Honorable Gregory M. Sleet