UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. 08-430-GMS <br> ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) <br> ) |
| Defendant. | ) <br> ) |

**DEFENDANT FDIC'S REPLY MEMORANDUM IN SUPPORT OF
MOTIONS TO DISMISS COMPLAINT AND STAY PROCEEDINGS**

Ashley Doherty (DC # 336073)
Thomas L. Holzman (DC # 950162)
Daniel H. Kurtenbach (DC # 426590)
Counsels
Federal Deposit Insurance Corporation
Legal Division, Corporate Litigation Unit
3501 Fairfax Drive, VSQ-D7022
Arlington, VA 22226
Telephone (703) 562-2237
Facsimile  (703) 562-2477
*Attorneys for Defendant*
*Federal Deposit Insurance Corporation*

OF COUNSEL
Charles L. Cope
Senior Counsel
Federal Deposit Insurance Corporation

Erik Haas, Esq.
Karla G. Sanchez, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036


August 21, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCREDIT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-430-GMS |
| | ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT FDIC'S REPLY MEMORANDUM IN SUPPORT OF
FDIC'S MOTIONS TO DISMISS COMPLAINT AND STAY PROCEEDINGS**

CompuCredit has not met its burden of establishing that this Court has subject matter jurisdiction to entertain its challenge to the temporary cease and desist order (Temporary Order) served by the FDIC on First Bank of Delaware (the Bank).[1] By failing to establish that it was served with the Temporary Order, or that it is a party to the Temporary Order, CompuCredit has failed to establish that it meets the statutory criteria, set forth in section 8(c)(2) of the Federal Deposit Insurance Act (FDI Act), for bringing this suit. 12 U.S.C. § 1818(c)(2).

Being an "institution affiliated party" (IAP) of the Bank does not make CompuCredit a "party" to the Temporary Order. Nor does the fact that CompuCredit is arguably "impacted" by the Temporary Order.

Dismissal of this action is consistent with Constitutional and prudential limitations on this Court's jurisdiction, as well as the Fifth Amendment's guarantee of due process. The FDIC's interpretation of section 8(c) of the FDI Act, which is the same

---

[1] A copy of the Temporary Order is attached to the FDIC's opening brief as Exhibit A. Defendant FDIC's Memorandum in Support of Motions to Dismiss Complaint and Stay Proceedings, D.I. 8 (Ex. A).

1

as that of the other "Federal banking agencies," and the FDIC's interpretation of its own regulations, are entitled to judicial deference. The FDIC's position under the circumstances of this case is also both fair and reasonable.

If the Court grants FDIC's motion to dismiss, any other proceedings in this case will be moot. Accordingly, considerations of judicial economy militate in favor of staying all further proceedings pending dismissal of this action.

## ARGUMENT

### I. CompuCredit Bears the Burden of Establishing Jurisdiction.

The burden of establishing jurisdiction is on "the one who claims that the power of the court should be exerted on his behalf." *McNutt v. Gen. Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189 (1936). A cause of action is presumptively outside the limited jurisdiction of the federal courts. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994), *citing Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11 (1799). The "burden of establishing the contrary rests upon the party asserting jurisdiction." *Id., citing McNutt,* 298 U.S. at 182-83. CompuCredit, which bears that burden here, has not met it.

### II. FDIC's Regulations Did Not Require That CompuCredit Be Served.

The FDIC did not, as CompuCredit claims in its introductory statement, fail to "formally" serve CompuCredit with the Temporary Order. CompuCredit's Opposition to FDIC's Motion to Dismiss, D.I. 12 at 3; *see also id.* at 1, 4 (FDIC did not "properly serve"). Rather, the FDIC did not serve CompuCredit at all. Instead, the FDIC sent CompuCredit a courtesy copy of the Temporary Order that was served on the Bank.[2]

---

[2] As the FDIC showed in its opening brief, provision of a courtesy copy is not the equivalent of service. D.I. 11 at 3. For example, a reporter who is given a copy of an FDIC administrative pleading at a press

2

CompuCredit's first argument in opposition to dismissal is that, by not serving the Temporary Order upon it, the FDIC failed to comply with its regulations. This argument depends on the proposition that CompuCredit had a right to service if it is an "institution affiliated party" (IAP) of the Bank that is "affected" by the Temporary Order. D.I. 12 at 3, 4, and 5.

As stated in the Notice of Charges that initiated the administrative proceeding against the Bank and CompuCredit, the FDIC considers CompuCredit to be an IAP of the Bank within the meaning of section 3(u) of the FDI Act.[3] 12 U.S.C. § 1813(u). That fact, however, does not give CompuCredit either a right to service or a right to challenge the order.

The FDIC regulation relied upon by CompuCredit as support for its alleged right to service provides that a temporary order "shall be served *upon the bank* in the case where the temporary order applies only to an institution-affiliated party." 12 C.F.R. § 308.131(a)(3)(emphasis added), *cited at* D.I. 12 at 3. However, the converse is not true: the FDIC is not required to serve a bank's IAPs where a temporary order applies only to the bank. *Id*.

Furthermore, another FDIC regulation defines the term "party" as follows: "*Party* means the FDIC and any person named as a party in any notice." 12 C.F.R. § 308.3(n)

---

conference, or a person who downloads it from the internet, has not been "served." Similarly, the FDIC did not "serve" CompuCredit with the Temporary Order by providing it with a courtesy copy.

[3] Contrary to CompuCredit's allegation (D.I. 12 at 1), the FDIC has not been "ambiguous as to [this] point." The FDIC does not "suggest that it has alleged" that CompuCredit is an IAP. *Id*. at 1, 4. Nor has the FDIC "attempted to assert" that CompuCredit is an IAP. *Id*. In the Notice of Charges for the administrative proceeding to which CompuCredit is a party, the FDIC asserted, clearly and unambiguously, that CompuCredit is an IAP within the meaning of 12 U.S.C. § 1813(u). *In the matter of First Bank of Delaware, Wilmington, Delaware, and CompuCredit Corporation, Atlanta, Georgia,* FDIC-07-256b, FDIC-07-257k (June 10, 2008) at ¶ 5. The Temporary Order does not address CompuCredit's IAP status because CompuCredit is not a party to that order.

3

(emphasis in original). By analogy,[4] the term "party" in the context of a temporary cease and desist order means "the FDIC and any person named as a party" in the order. *See* Black's Law Dictionary 1154 (Bryan Garner ed., 2004)(a "party" is "one by or against whom a lawsuit is brought"). Only the Bank is named as a "party" in the caption of the Temporary Order. Therefore, CompuCredit is not a "party" to that order, that order does not "apply" to CompuCredit, and the FDIC was not required to serve CompuCredit with that order, regardless of whether CompuCredit was "affected."

### III. An Alleged "Impact" on CompuCredit Does Not Confer Standing.

CompuCredit's second argument, that it has standing because it allegedly may be "impacted" by the Temporary Order, D.I. 12 at 4-5, is also defective. This argument overlooks the fact that "[t]o prevent regulated parties from interfering with the comprehensive powers of the federal banking regulatory agencies, Congress severely limited the jurisdiction of courts to review ongoing administrative proceedings brought by banking agencies." *City-Fed Financial Corp. v. Office of Thrift Supervision*, 58 Fed. 3d 738, 741 (D.C. Cir. 1995)(affirming denial of preliminary injunction against temporary cease and desist order).

Congress's "severe limit[ation on] the jurisdiction of courts to review ongoing administrative proceedings brought by banking agencies" is set forth in section 8(i)(1) of the FDI Act, which provides that

> except as otherwise provided in this section . . . no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under [this] section, or to review, modify, suspend, terminate, or set aside any such notice or order.

---

[4] The FDIC's Uniform Rules of Practice and Procedure, which include the definition of "party" discussed above, do not apply to temporary cease and desist orders. 12 C.F.R. § 308.131(c).

4

12 U.S.C. § 1818(i)(1). As the Supreme Court has held, this "plain, preclusive language" expressly limits judicial review of administrative action by federal banking regulators. *Board of Governors of the Federal Reserve System v. MCorp Financial, Inc.,* 502 U.S. 32, 39 (1991).

As demonstrated above, CompuCredit does not meet the requirements for seeking injunctive relief under section 8(c)(2) because it has not been served with and is not a party to the Temporary Order. Because CompuCredit does not meet the requirements of that subsection, or any other judicial review provision of section 8, "no court" has jurisdiction over its complaint in this action.

In claiming that it should be allowed to challenge the Temporary Order because it may be "impacted" by it, CompuCredit is asserting that section 8(c) implies a cause of action in its favor. However, as the Supreme Court recently emphasized,

> there is an implied cause of action only if the underlying statute can be interpreted to disclose the intent to create one. This is for good reason. In the absence of congressional intent the Judiciary's recognition of an implied private right of action "necessarily extends its authority to embrace a dispute Congress has not assigned it to resolve. This runs contrary to the established principle that '[t]he jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation . . .' and conflicts with the authority of Congress under Art. II to set the limits of federal jurisdiction."

*Stoneridge Investment Partners, LLC, v. Scientific-Atlanta*, 128 S. Ct. 761, 772 (2008) (internal citations omitted). As demonstrated above, the FDI Act cannot be interpreted to "disclose the intent to create" any implied private rights of action, given that Congress expressly indicated its intent to the contrary in section 8(i)(1). Consequently, there is no basis for inferring a private right of action in favor of CompuCredit under section 8(c).

5

## IV. Constitutional and Prudential Considerations Do Not Confer Standing

CompuCredit's third argument appears to be that the U.S. Constitution entitles it to maintain this challenge to the Temporary Order, either because it has "constitutional [and] prudential standing" or because it is entitled to "due process." D.I. 12 at 4-5.

The concepts of "constitutional [and] prudential standing" derive from Article III of the U.S. Constitution, which limits the federal "judicial Power" to the resolution of "Cases" and "Controversies." U.S. Const. Art. III, § 2. Rather than expanding the jurisdiction of the federal court, Article III narrows it. The question of whether a lack of Constitutional or prudential standing poses an obstacle to a lawsuit is relevant if a would-be plaintiff otherwise has standing. Where, as here, statutory standing is obviously absent, an inquiry into the possible existence of additional barriers to subject matter jurisdiction is superfluous. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 97 n.2 (1998).[5]

The concept of "due process" derives from the Fifth Amendment to the U.S. Constitution. Because CompuCredit is not a party to the Temporary Order, any "impact" or "effect" of the order on it is necessarily indirect. The Supreme Court has held that "the due process provision of the Fifth Amendment does not apply to the indirect adverse effects of governmental action." *O'Bannon v. Town Court Nursing Center*, 447 U.S. 773, 789 (1980); *see also Phantom of Eastern Pennsylvania v. New Jersey State Police*, C.A. No. 07-2748, 2008 WL 2039461, *3 (E.D. Pa., May 12, 2008)(loss of benefit of business relations is not property right protected by substantive due process under the

---

[5] *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007), *cert. denied*, 128 S. Ct. 1473 (2008), relied on by CompuCredit, D.I. 12 at 5, is not on point. In that case, the court found that statutory standing was present under ERISA. The court's subsequent inquiry into whether Constitutional or prudential considerations nevertheless barred the plaintiff's case was premised on the existence of that statutory standing.

Fourteenth Amendment). Therefore, due process does not entitle CompuCredit to maintain this challenge to the Temporary Order.

Moreover, although *not* a party to the Temporary Order, CompuCredit *is* a party to the underlying administrative proceeding. As such, CompuCredit may seek judicial review of any final decision in that proceeding. 12 U.S.C. § 1818(h)(2). Therefore, CompuCredit has a "meaningful and adequate opportunity for judicial review" and thus will suffer no deprivation of any due process rights. *Board of Governors v. MCorp Financial*, 502 U.S. at 44.

### V. FDIC's Interpretation of the FDI Act and Its Regulations Deserves Deference.

CompuCredit's fourth argument is that the FDIC's interpretation of section 8(c)(2) is not entitled to judicial deference because the FDIC is not the only "appropriate Federal banking agency" charged with administering the statute. 12 U.S.C. § 1818(c)(1). In addition to the FDIC, these agencies are the Office of the Comptroller of the Currency (OCC), the Board of Governors of the Federal Reserve System (Federal Reserve), and the Office of Thrift Supervision (OTS). 12 U.S.C. § 1813(q).[6] Like the FDIC, these agencies also consider "service" to be something that is carried out only upon a party. 12 C.F.R. §§19.11(c) (OCC); 263.11(c)(Federal Reserve); and 509.11(c)(OTS). Similarly, these agencies share the FDIC's understanding of the meaning of the term "party." *Compare* 12 C.F.R. § 308.3(n)(FDIC) *with id.* at §§ 19.3(l) (OCC); 263.3(j) (Federal

---

[6] The OCC oversees national banks; the Federal Reserve oversees banks that are members of the Federal Reserve System; the OTS oversees thrift institutions; and the FDIC oversees state-chartered banks that are not members of the Federal Reserve System. American Bankers Association, *Principles of Banking* at 27, 365-67 (1991).

7

Reserve); and 509.3(l)(OTS).Given this unanimity of opinion, judicial deference to the FDIC's interpretation is appropriate.[7]

CompuCredit also overlooks the fact that the FDIC's motion to dismiss is based not only on its interpretation of the FDI Act but also on its interpretation of its own regulations. An agency's reasonable interpretation of its own regulations is entitled to judicial deference. *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 219 (2001). The FDIC's interpretation of its own regulations is eminently reasonable and thus entitled to judicial deference here.

### VI. FDIC's Position is Fundamentally Fair and Reasonable.

CompuCredit's final argument, that the FDIC's position is "fundamentally unfair and unreasonable," D.I. 12 at 6, is not based on any legal authority. It is also mistaken.

First, as noted above, the FDIC's action comports with the Constitutional guarantee of fairness, *i.e.*, the Fifth Amendment's requirement of due process. Second, although CompuCredit does not have statutory standing to challenge the Temporary Order, the Bank does. In fact, the Bank is challenging that order, in an action brought in this court. *First Bank of Delaware v. FDIC*, C.A. No. 08-429-GMS (D. Del.). As CompuCredit has acknowledged, the FDIC has not moved to dismiss that action. D.I. 12 at 1. Therefore, dismissal of *this* action will not insulate the Temporary Order from judicial review.

---

[7] This unanimity is not surprising. Along with the National Credit Union Administration, the federal banking agencies are members of the Federal Financial Institutions Examination Council (FFIEC), which was established on March 10, 1979, pursuant to title X of the Financial Institutions Regulatory and Interest Rate Control Act of 1978 (FIRA), Public Law 95-630. The FFIEC is a formal interagency body empowered to prescribe uniform principles, standards, and report forms for the federal examination of financial institutions and to make recommendations to promote uniformity in the supervision of financial institutions.

8

Ultimately, CompuCredit's argument proves too much. If CompuCredit can challenge the Temporary Order merely because it is an IAP that may be affected by it, then all other IAPs arguably affected by the order could also challenge it. Such a result would be incompatible with the FDI Act's general prohibition against interference with ongoing administrative proceedings. Therefore, CompuCredit should not be allowed to insinuate itself into a dispute between the Bank and its regulator.

**VII. Considerations of Economy Militate in Favor of Staying Further Proceedings.**

This Court's Order of August 18, 2008, granted the FDIC's motion for an enlargement of time to respond to CompuCredit's motion for a preliminary injunction, pending a decision on this motion to dismiss. However, additional actions in this case will soon be required. For example, the FDIC must respond to CompuCredit's pending motion to consolidate; make certain initial disclosures; and confer with opposing counsel about a plan for discovery. *See* D. Del. LR 7.1.2(b)("once a motion has been deemed served, the response thereto shall be filed"); Fed. R. Civ. Pro. 26(a)(1);. 26(f).

If the Court grants the FDIC's motion to dismiss, the resources of the Court and the parties used in dealing with those matters will have been wasted. To prevent this, further proceedings should be stayed pending resolution of this motion to dismiss.[8]

A stay of further proceedings is also in the interests of judicial economy. As noted above, CompuCredit acknowledges that the FDIC has not moved to dismiss the related case brought by the Bank. Indeed, CompuCredit argues that the FDIC will "be

---

[8] The cases relied on by CompuCredit as support for the proposition that discovery should continue despite the pending motion to dismiss are not on point. In the first case, as CompuCredit acknowledges, the action would continue against other defendants even if the motion to dismiss were successful. *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, C.A. No. 92-7061, 1993 WL 13139559, at *3 (E.D. Pa., Mar. 9, 1993), *cited in* D.I. 12 at 6-7. In the second case, the parties "stipulated to an Agreed Injunctive Order" shortly after the preliminary injunction motion was filed. *Wheelabrator v. Morea Clum Services, Inc.,* C.A. No. 90-2962, 1990 WL 83340, at *3 (E.D. Pa., June 12, 1990). In addition, the plaintiffs moved for expedited discovery prior to the defendant's motion to dismiss, and that motion was denied.

9

subject to the same discovery" in that related case.  *Id*. at 6.  To allow CompuCredit to pursue that "same discovery" here as well, despite the inevitable dismissal of this action, would result in a needless, and costly, expenditure of judicial resources.

## CONCLUSION

All further proceedings in this action should be stayed pending resolution of the FDIC's motion to dismiss this action.  Once it has had an opportunity to consider the arguments of the parties, this Court should dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, due to CompuCredit's lack of statutory standing.

Respectfully submitted,

*/s/ Ashley Doherty*_____
Ashley Doherty (DC # 336073)
Thomas L. Holzman (DC # 950162)
Daniel H. Kurtenbach (DC # 426590)
Counsels
Federal Deposit Insurance Corporation
Legal Division, Corporate Litigation Unit
3501 Fairfax Drive, VSQ-D7022
Arlington, VA 22226

OF COUNSEL
Charles L. Cope
Senior Counsel

Telephone (703) 562-2237
Facsimile  (703) 562-2477
adoherty@fdic.gov
thholzman@fdic.gov

Erik Haas, Esq.
Karla G. Sanchez, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036

dkurtenbach@fdic.gov
*Attorneys for Defendant*
*Federal Deposit Insurance Corporation*

August 21, 2008